Wood v. The Howard Insurance Company.

---

## WOOD *vs.* THE HOWARD INSURANCE COMPANY OF NEW-YORK, as receivers, &c.

An *insurance company* acting as *receiver* in relation to claims against the former capital and assets of the corporation, is not entitled to a *commission to examine witnesses,* where the matter in controversy has been submitted to referees under a special statute authorizing such proceeding.

*It seems* that such commission can issue only where there is *an action* pending in a court of record, and *an issue joined upon pleadings* in the forms prescribed by law.

MOTION for a commission to examine witnesses. The facts are sufficiently stated in the opinion of the court.

*By the Court,* BRONSON, J. This is one of the insurance companies rendered insolvent by the great fire in New-York, in December, 1835. Having again filled up its capital, the company is now acting as receiver in relation to claims against the former capital and assets of the corporation. (*Statutes, sess. of* 1836, *p.* 5. *Id. p.* 27, § 5, 9.) Under the 9th section of the last act, [647] the company may require claims for losses occurring prior to the late filling up of the stock to be submitted to reference, under a rule of some court of competent jurisdiction, in the manner allowed by law to receivers. *Wood* having a claim for loss under a policy effected before the insolvency of the company, the same was referred to referees by agreement of the parties. Receivers have the same power and authority as trustees of insolvent debtors. (2 *R. S.* 469 § 68.) Trustees of insolvent debtors may refer claims against the estate to three indifferent persons, who have the same powers and are subject to the same duties and obligations as referees appointed by the supreme court. The report of the

referees is conclusive on the rights of the parties, if not set aside by the court in which it is filed. (2 *R. S.* 45, § 19, 25.)

The company now moves for a commission to take the examination of a witness whose testimony will be material on the hearing before the referees, and for a stay of proceedings in the mean time. It is objected that this is not a case where a commission can issue. The power of the court to order a commission without the consent of parties, depends entirely on the statute. " Whenever an issue of fact shall have been joined in any action in a court of law, being a court of record, and it shall appear on the application of either party, that any witness not residing within this state is material in the prosecution or defence of such action," the court may award a commission to take the examination of the witness. (2 *R. S.* 393, § 11.) I think the statute does not reach this case. There is no *action* pending in this court; no *issue of fact*, within the meaning of the section. A proceeding by arbitration may possibly be termed the lawful demand of one's right, and yet it has never been supposed that there was any authority vested in the courts or elsewhere to compel the attendance of witnesses without special legislative provision. The statute only provides for a commission where there is an action *in a court of law*, and it only extends to a case where the parties are before the court, for the prosecution or defence of their rights [648] in the forms prescribed by law. In this case neither the parties nor the subject of controversy are before the court, nor will they be until the report of the referees shall be filed. And besides, when the statute speaks of an issue of fact joined in an action, it means something more than a controversy between the parties concerning their rights; it means an issue upon pleadings, where some matter of fact is alleged by one party and denied by the other, in the forms prescribed by law. It may be very proper that the court should have power to award a commission in a case like the one under consideration, but it has not been conferred by the legislature.      Motion denied.